**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

                                                                        No. CIV 08-363 JB/WPL

vs.                                                                            CR 07-388 JB

GREGORY PIERRE,

        Movant/Defendant.

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), filed July 16, 2008 (Doc. 8). The Magistrate Judge notified the parties that objections were due within ten days of service of the PFRD and that, if no objections were filed, no appellate review would be allowed. To this date, no objections have been field.

The PFRD states on page 4: "[T]he Sentencing Guidelines are not applied to sentences imposed pursuant to a Rule 11(c)(1)(c)." Proposed Findings and Recommended Deposition at 4, filed July 16, 2008 (Doc. 8)("PFRD"). On page 5, the PFRD states: "Since Pierre pled guilty under Rule 11(c)(1) and agreed to a specific 46 month sentence, the Sentencing Guidelines do not apply." PFRD at 5. To the extent that these two sentences can be read as stating that the Court has no obligation to determine accurately the correct advisory Guideline sentence when there is a rule 11(c)(1)(c) plea agreement, the Court does not adopt those legal conclusions.

The Court believes that it has an obligation, in every case, including a case with a rule 11(c)(1)(c) agreement, to determine the correct advisory Guideline sentence for the defendant. Until the Court undertakes that task, it cannot, on a firm footing, determine whether to vary from the

Guideline Sentence and accept the rule 11(c)(1)(c) agreement. Nothing in rule 11(c)(1)(c) relieves the sentencing court of its statutory obligations under the Sentencing Guidelines, as modified by the Supreme Court of the United States in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

This conclusion does not change the result that the PFRD recommends. In his first claim, Pierre contends that the plea agreement he signed was "factually incorrect," Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody at 6, filed April 3, 2008 (Doc. 1)("Motion"), because it stipulated to a base offense level of 32 based on possession of 2,700 pounds of marijuana as originally charged. But this stipulation was first in the original plea agreement, <u>see</u> Sealed Plea Agreement ¶ 9(a), at 5, filed August 13, 2007 (Doc. 90), and the Court questioned and ultimately did not adopt that plea agreement during the October 30, 2007 hearing because the rule 11(c)(1)(c) agreement attempted to stipulate to a sentence below the statutory minimum when it appeared Pierre did not meet the safety valve requirements and thus was not eligible to be sentenced below the statutory minimum. <u>See</u> Transcript of Hearing at 3:17-22 (taken October 30, 2007)("Tr.")(Court)("On paragraph 23 of the presentence report, it does not make any reduction . . . . Since Mr. Pierre is looking at the statutory minimum of . . .ten years, why was he not eligible for the reduction in paragraph 23.").[1] After the Court raised this issue at the October 30, 2007 hearing, the parties requested that the sentencing hearing be continued so that the United States could decide exactly how it wanted to proceed regarding U.S.S.G. § 5C1.2, Limitation on Applicability of Statutory Minimum Sentences in Certain Cases. <u>See</u> Tr. at 7:10-17 (Court, Gorence & Martinez).

The Court held a second sentencing hearing on December 19, 2007, at which the Court

---

[1] The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcript may contain slightly different page and/or line numbers.

stated:

> I guess the concern that I'd had originally was in the original PSR there was a . . . mandatory minimum of ten years, and I was concerned about whether he had met the safety valve and was eligible to be sentenced below that mandatory minimum. The new PSR doesn't seem to have that issue sort of addressed or I don't understand how the new plea agreement deals with that, so that's probably where I need to be advised.

Transcript of Hearing at 3:1-8 (taken December 19, 2007)(Court)("Tr.2"). In response, the United States explained: "The difference between last time and this time is that in-between [this hearing and the last hearing,] this defendant pled to an information as opposed to the Indictment, and the information was a C level Indictment Your Honor without a mandatory minimum in it." Tr.2 at 3:10-14 (Martinez). Thus, the stipulation in ¶ 9(a) of Pierre's original plea agreement was not relevant or used in his sentencing.

As indicated at the December 19, 2007 hearing, after Pierre withdrew his guilty plea and pled to a lesser charge to avoid the statutory minimum, he entered into a second plea agreement. See Plea Agreement, filed November 8, 2007 (Doc. 125)("Plea Agreement"). Even though he pled guilty to conspiracy to possess with intent to distribute less than 100 Kilograms of marijuana and to possession with intent to distribute less than 100 Kilograms of marijuana, he agreed that,

> if this case were to proceed to trial, the United States would [be able to] prove the following facts with competent, admissible evidence beyond a reasonable doubt:
>
> * * * *
>
> On February 11, 2007, a semi tractor pulling a trailer entered the New Mexico Department of Public Safety Port of Entry located in Gallup, New Mexico. Defendant Pierre was a co-driver of the semi-tractor. An inspection of the trailer located approximately 2,700 pounds of marijuana. . . . Defendant Pierre knew that the trailer contained marijuana and he was working with Sygenstz Moreau, the co-driver, to distribute the marijuana to others.

Plea Agreement ¶¶ 7, 7b, at 3, 4. In paragraph 8, the Plea Agreement states: "By signing this

agreement, the Defendant admits all the foregoing facts. . . ." Id. ¶ 8, at 4.  In paragraph 9, the Plea Agreement states:

> To assist the Court in determining the advisory sentencing guideline range that would have applied if the parties had not agreed to a specific sentence pursuant to Rule 11(c)(1)(c), the United States and the Defendant stipulate as follows:
>
>> a. The applicable base offense level for calculation of the Defendant's sentence pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1 would be Level 32, based on the Defendant's personal possession or distribution of, or awareness that others would possess or distribute, approximately 2,700 pounds of marijuana.

Plea Agreement ¶¶ 9, 9(a), at 5.

On November 14, 2007, the United States Probation Office re-disclosed the Presentence Investigation Report. See Presentence Investigation Report, disclosed November 14, 2007 ("PSR"). In paragraph 4(a), the PSR states: "The applicable offense level calculation of the defendant's sentence pursuant to U.S.S.G. § 1B1.3 and § 2D1.1 is level 32, based on the defendant's personal possession or distribution of, or awareness that others would possess or distribute, approximately 2700 pounds of marijuana." PSR ¶ 4(a) at 3.  Paragraph 13 states:  "A total of 145 bundles of marijuana were counted and weighed with a total weight of 2,704.5 pounds.  The bundles of marijuana seized from the trailer were forwarded to the DEA Laboratory for analysis.  According to the laboratory reports the total amount of marijuana seized was 1,217.25 kilograms." PSR ¶ 13, at 5.  Paragraph 16 of the PSR states, in relevant part: "The DEA agent . . . informed **Gregory Pierre** that he was under arrest for having approximately 2,700 pounds of marijuana in the truck." PSR ¶ 16, at 6 (bolded in original).  In paragraph 24, the PSR states:

> **Base Offense Level**: The instant offense involved 1,217.25 kilograms of marijuana. Pursuant to U.S.S.G. 2D1.1(c)(4), if the instant offense involved at least 1,000 kilograms of marijuana, but less than 3,000 kilograms of marijuana, the base offense level is 32 which is consistent with the plea agreement.  However, pursuant to

   U.S.S.G. § 2D1.1(a)(3), if the defendant receives an adjustment under U.S.S.G. § 3B1.2 (Mitigating Role); and, the base offense level is 32, decrease by two levels. Therefore, the base offense level is 30.

PSR ¶ 24, at 7 (bolded in original).

  At his sentencing, Pierre did not object to anything in the PSR. <u>See</u> Tr.2 at 2:19-24 (Court & Oliveros). The Court adopted the facts in the PSR as its findings of fact. <u>See id.</u> at 10:2-4 (Court). The Court also adopted the PSR's Guideline calculations as its own. <u>See id.</u> at 10:5-7 (Court).

  Thus, when Pierre argues that the plea agreement he signed was factually incorrect because it stipulated to a base offense level of 32, based on possession of 2,700 pounds of marijuana as originally charged, rather than the base offense level of 24 applicable to charges involving less than 100 kilograms of marijuana, as were the charges to which he pled guilty, Pierre is incorrect. While pleading to charges involving less than 100 kilograms helped Pierre avoid the mandatory minimum, the Sentencing Guidelines' emphasis on relevant conduct requires the Court, in making its calculations under the Guidelines, to take into account the facts of the crime. Given Pierre's stipulation and the trial of co-Defendant Moreau, the Court has no difficulty finding that the record showed, by a preponderance of evidence, that it was factually correct to conclude Pierre was responsible for 2,700 pounds of marijuana. Accordingly, even if the petitioner can raise errors in the application of the Sentencing Guidelines in a § 2255 proceeding, there was no error in the application of the Sentencing Guidelines in Pierre's sentencing.

  The Court otherwise adopts the PFRD.

  **IT IS ORDERED** that (i) except for parts of two sentences on pages 4 and 5 of the PFRD, the PFRD is adopted as an order of the Court; (ii) the Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, is denied; and (iii) CV 08-0363 JB/WPL is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE